# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 06 B 03480 |
|  | ) | Chapter 7 |
| MICHAEL A. MASON, | ) | Judge John H. Squires |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) | Adversary No. 07 A 00019 |
| GINA B. KROL, not individually, but as | ) |  |
| Trustee of the Bankruptcy Estate of | ) |  |
| Michael A. Mason, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| AMY M. CROSBY, MICHAEL A. | ) |  |
| MASON, MAUREEN A. JOSH, CLERK | ) |  |
| OF THE CIRCUIT COURT of DeKALB | ) |  |
| COUNTY, and ROBERT A. NOVELLE, | ) |  |
| SR., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

This matter comes before the Court on the motion of plaintiff Gina B. Krol (the "Trustee") for judgment on stipulated facts against defendant Robert A. Novelle, Sr. ("Novelle") on the amended complaint filed by the Trustee which seeks turnover of estate assets under 11 U.S.C. § 542 and § 543. For the reasons set forth herein, the Court denies the motion. The Trustee has not proven that the assets of which she seeks turnover are property of the estate as required by § 542(a) or property of the Debtor as required by § 543(b). Judgment is accordingly entered in favor of Novelle.

-2-

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E).

## II. UNDISPUTED FACTS AND BACKGROUND

The parties agreed in a joint pretrial statement that there are no contested issues of fact in this case. (Joint Pretrial Statement, p. 5.) In 2005, prior to the Debtor's bankruptcy filing, the Debtor was arrested by the DeKalb County, Illinois police for possession with intent to deliver cannabis over thirty grams. (Joint Pretrial Statement ¶ 5 & p. 7; Am. Compl. ¶ 7; Answer ¶ 1.) The Circuit Court for the Sixteenth Judicial Circuit in Dekalb County, Illinois (the "Circuit Court") set bail for the offense at $700,000. (Joint Pretrial Statement ¶ 5 & p. 7; Am. Compl. ¶ 7; Answer ¶ 1.) On or about February 8, 2005, the Debtor entered into a contract for legal services and representation in his criminal case, 05 CF 87, with attorney Novelle. (Joint Pretrial Statement, p. 4; Plaintiff/Trustee's Mot. for J. against Robert A. Novelle, Sr. on Stipulated Facts (the "Motion") ¶ 5.)

In March of 2005 the Debtor, with help from others, deposited a bond at ten percent of the amount of the bail, or $70,000, to obtain release from custody. (Joint Pretrial Statement ¶ 5 & p. 7.) The Debtor's mother, Nancy Mason, deposited $20,000 of the bond by refinancing her home with a cash-out loan. (Joint Pretrial Statement ¶ 6 & p. 8; Am. Compl. ¶ 8; Answer ¶ 1.) The Debtor executed an assignment authorizing the return of the $20,000 to Nancy Mason after all conditions of the bail bond were met. (Joint Pretrial Statement, p.

-3-

8.) Amy M. Crosby posted the additional $50,000 by selling or refinancing the Debtor's real property located at 702 John Court, Genoa, Illinois. (Joint Pretrial Statement ¶ 7 & p. 9.) The Debtor again executed an assignment authorizing the return of the $50,000 to Amy M. Crosby after all conditions of the bail bond were met. (Joint Pretrial Statement p. 9.) On or about June 4, 2005, the Debtor signed a document in his criminal case that requested a refund of the bail bond to Novelle and stated as follows:

> Petitioner Michael Mason, the Defendant in the above-captioned case respectfully states: (1) that he has performed the conditions of his bond; (2) that he has agreed that the Clerk of the Court pay the refund due to his attorney of record in payment for legal services rendered; (3) that he waives all claims, title and interest in the said bail deposit; (4) that if the bond posted by a provider other than the Defendant, the provider has signed the bond slip acknowledging that any refund due can be used to pay for Defendant's attorney's fees, and all other fees and costs as ordered by Court.

(Joint Pretrial Statement p. 10.) Amy M. Crosby also signed the document. (*Id.*)

On April 3, 2006, the Debtor filed his Chapter 7 petition for bankruptcy relief and the Trustee was appointed the Chapter 7 trustee in the Debtor's case. (Joint Pretrial Statement, p. 5; Motion ¶ 8.) On January 10, 2007, the Trustee filed a complaint commencing this adversary proceeding against the Debtor, Amy M. Crosby, and Maureen A. Josh, Clerk of the Circuit Court of Dekalb County, Illinois ("Clerk of the Circuit Court") seeking turnover of estate assets pursuant to 11 U.S.C. § 542 and § 543. After filing the adversary proceeding, the Trustee confirmed that $20,000 of the $70,000 bail bond deposit was paid by the Debtor's mother, Nancy Mason, and not from property of the Debtor's bankruptcy estate. (Trustee's

-4-

Mem. in Support of her Mot. for J. on Stipulated Facts ("Memorandum"), p. 2.) Thus, the

Trustee seeks turnover of only $50,000 of the bail bond deposit. (*Id.*)

On January 24, 2007, at the conclusion of the Debtor's criminal case, the Circuit Court

ordered that the Clerk of the Circuit Court pay to attorney Novelle any refund due to the

Debtor on the Debtor's bail bond deposit (the "January 24th Order"). (Joint Pretrial Statement

¶ 9 & p. 10.) Novelle did not give the Trustee notice nor obtain leave of this Court before

petitioning the Circuit Court for the January 24th Order. (Joint Pretrial Statement ¶ 9.) On

February 20, 2007, the Trustee, after obtaining leave of this Court, filed an amended

complaint to include Novelle as a defendant. The $50,000 is, however, still being held by the

Clerk of the Circuit Court. (Joint Pretrial Statement ¶ 8.)

On April 19, 2007 the Trustee filed a motion for default against the Debtor and Amy

M. Crosby. On May 25, 2007, this Court granted the Trustee's motion for default. On

February 6, 2008, the Trustee filed the instant motion for judgment against Novelle on

stipulated facts in lieu of proceeding with the trial that was set to commence on March 14,

2008. By proceeding to disposition on the instant motion, the parties have effectively waived

their opportunity for further evidentiary hearing because they agreed there are no disputed

issues of fact. The Court gave Novelle until March 28, 2008 to respond to the motion for

judgment. Novelle failed to file a response. Thereafter, the Court took the matter under

advisement.

-5-

## III. APPLICABLE STANDARDS

The Trustee seeks judgment on stipulated facts. Although no specific rule was referenced in her motion, the Court will consider the Trustee's request as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), which is incorporated by reference in Federal Rule of Bankruptcy Procedure 7012. Rule 12 provides in relevant part as follows:

> (c) Motion for Judgment on the Pleadings. After the pleadings are closed–but early enough not to delay trial– a party may move for judgment on the pleadings.
> (d) Result of Presenting Matters Outside the Pleadings. If, on a motion under . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(c) & (d). Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007); *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits."[1] *N. Ind. Gun*, 163 F.3d at 452. The Seventh Circuit has interpreted "the term 'written instrument' as used in Rule 10(c) to include documents such as affidavits and letters, as well as contracts and loan documentation." *Id.* at 453 (footnote and citations omitted). When deciding a motion for judgment on the pleadings, a court may consider only the contents of the pleadings. *Alexander v. City of Chi.*, 994 F.2d 333, 335 (7th Cir. 1993); *Union*

---

[1] Pursuant to Federal Rule of Civil Procedure 10, made applicable by Federal Rule of Bankruptcy Procedure 7010, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED. R. CIV. P. 10(c).

-6-

*Carbide Corp. v. Viskase Corp. (In re Envirodyne Indus., Inc.)*, 183 B.R. 812, 817 (Bankr.

N.D. Ill. 1995). However, courts may consider documents incorporated by reference

in the pleadings. *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991). Courts may

also take judicial notice of matters of public record. *Id.*

     A motion for judgment on the pleadings is determined by the same standard applied

to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Id.* at 1581; *Thomason*

*v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). "Thus, it would appear that Rule 12(c)

motions are subject to the retooled pleading standards announced by the Supreme Court in

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)." *Raymond Prof'l Group, Inc. v.*

*William A. Pope Co. (In re Raymond Prof'l Group, Inc.)*, Bankr. No. 06 B 16748, Adv. No.

07 A 00639, 2008 WL 1752166, at *2 (Bankr. N.D. Ill. Apr. 9, 2008). As Judge Schmetterer

noted, the Seventh Circuit has not addressed the effect of the *Twombly* case on motions for

judgment on the pleadings. *Id.* Nevertheless, the Court need not reach that issue here because

the Trustee has not demonstrated that she is entitled to judgment as a matter of law. "Only

when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for

relief and the moving party demonstrates that there are no material issues of fact to be

resolved will a court grant a Rule 12(c) motion." *Bannon v. Univ. of Chi.*, 503 F.3d 623, 628

(7th Cir. 2007) (*quoting Moss*, 473 F.3d at 698). A moving party must unequivocally

establish that no material issue of fact exists and that judgment on the pleadings is warranted

by law. *Nat'l Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987). *See also*

*A.D.E. Inc. v. Louis Joliet Bank & Trust Co.*, 742 F.2d 395, 396 (7th Cir. 1984) (finding that

judgment on the pleadings is appropriate only if it is a "certainty" that the defendant is liable).

-7-

For purposes of Rule 12(c) motions, all well-pleaded allegations contained in the non-moving party's pleadings are to be taken as true. *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir. 1989) (*citing Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 177 n.2 (7th Cir. 1986)). In ruling on a motion for judgment on the pleadings, courts must view the facts in pleadings and all inferences drawn therefrom in the light most favorable to the non-movant. *Flenner v. Sheahan*, 107 F.3d 459, 461 (7th Cir. 1997); *Nat'l Fid. Life Ins.*, 811 F.2d at 358 (*citing Republic Steel*, 785 F.2d at 177 n.2).

## IV. DISCUSSION

The Trustee asserts in her motion that the January 24th Order awarding the Debtor's bail bond deposit to attorney Novelle is void ab initio because the order was obtained in violation of the automatic stay of 11 U.S.C. § 362. The Trustee contends that the bail bond deposit is subject to the automatic stay because it is property of the Debtor's bankruptcy estate under 11 U.S.C. § 541. The Trustee dismisses the Debtor's assignment of his bail bond deposit to Novelle on June 4, 2005 because the Trustee asserts that the assignment was not "perfected" on the date the Debtor filed his bankruptcy petition. Thus, the Trustee argues the Court should order turnover of the bail bond deposit to her pursuant to 11 U.S.C. § 542 or § 543(b). The Court concludes that the Trustee has not proven her claim for turnover under § 542 or § 543(b).

### A. Turnover Under 11 U.S.C. § 542

Count I of the Trustee's complaint seeks turnover of estate property pursuant to 11 U.S.C. § 542. Section 542 states in relevant part as follows:

-8-

> (a) Except as provided in subsection (c) and (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

11 U.S.C. § 542(a). The Debtor does not assert an exemption in the bail bond deposit in question in this case. Therefore, to evaluate the Trustee's claim for turnover, the Court must determine if the bail bond deposit is property that the Trustee can "use, sell, or lease under section 363. . . ." 11 U.S.C. § 542(a). Section 363(b)(1) of the Code states in pertinent part "[t]he trustee. . . may use, sell, or lease, other than in the ordinary course of business, property of the estate. . . ." 11 U.S.C. § 363(b)(1).

Section 541 defines the property of a bankruptcy estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This provision is broadly interpreted to include any legally enforceable right of the debtor. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204-05 (1983). The Seventh Circuit stated that "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541." *In re Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993). State law, however, defines the legal and equitable interests of the debtor. *Butner v. United States*, 440 U.S. 48, 55 (1979). This is because "[u]niform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving 'a windfall merely by reason of the happenstance of bankruptcy.'" *Id.* (quoting *Lewis v. Mfrs. Nat'l Bank*, 364 U.S.

-9-

603, 609 (1961)). While state law defines the debtor's property interests, whether a debtor's

particular interest is property of the estate under § 541 is a question of federal law. *Fisher v.*

*Apostolou*, 155 F.3d 876, 880 (7th Cir. 1998).

The burden of proof in a turnover proceeding falls on the Trustee. *See In re Okon*, 310

B.R. 603, 607 (Bankr. N.D. Ill. 2004); *Helms v. Roti (In re Roti)*, 271 B.R. 281, 291 (Bankr.

N.D. Ill. 2002), *aff'd sub nom. Nelmark v. Helms*, No. 02 C 0925, 2003 WL 1089363 (N.D.

Ill. Mar. 11, 2003). In order to prevail, the Trustee must demonstrate that the property at issue

is part of the bankruptcy estate. *Id.* Turnover is not intended as a remedy to determine

disputed rights of parties to property; rather, it is intended as a remedy to obtain what is

acknowledged to be property of the bankruptcy estate. *Grochocinski v. Allstate Ins. Co. (In*

*re Lyckberg)*, 310 B.R. 881, 888 (Bankr. N.D. Ill. 2004).

Under Illinois law, an assignment is "the transfer of some identifiable property, claim

or right from the assignor to the assignee." *Buck v. Ill. Nat'l Bank & Trust Co.*, 223 N.E.2d

167, 169 (Ill. App. Ct. 1967). To determine if an assignment has occurred, courts look to the

intent of the parties. *Id.* The parties need not utilize any particular language or procedure to

effectuate an assignment. *Id.* When the parties have executed an assignment, the assignor of

the property no longer has any rights in the property. *Ill. v. Wurster*, 422 N.E.2d 650, 652 (Ill.

App. Ct. 1981). The assignee acquires all interest in the property transferred. *Id.* In Illinois,

"[t]he practice of assigning bail bond deposits, less costs, to an attorney in a criminal case to

assure the attorney's collection of fees is well recognized." *Id.*; *see also* 725 Ill. COMP. STAT.

5/110-7(f) ("At the request of the defendant the court may order such 90% of defendant's bail

-10-

deposit, or whatever amount is repayable to defendant from such deposit, to be paid to defendant's attorney of record.")

The Trustee dedicates her Memorandum to her argument that the January 24th Order is void ab initio. Because the Circuit Court entered the January 24th Order after the Debtor filed his bankruptcy petition, the Trustee contends entry of the order was a violation of the automatic stay. Even if the January 24th Order is void, however, that does not establish that the bail bond deposit is property of the estate. The Debtor executed a pre-petition assignment of the bail bond deposit to attorney Novelle. If the assignment is valid, then the Debtor no longer had any rights in the bail bond deposit at the time he filed his bankruptcy petition. The Trustee must therefore establish the legal insufficiency of the assignment to prove that the bail bond deposit was the Debtor's property at the commencement of the Debtor's bankruptcy case and, thus, property of the estate.

The parties attached to their joint pretrial statement a written document signed by the Debtor on June 4, 2005 in which the Debtor agrees to pay the refund of the bail bond deposit to his attorney and waives all claims, title and interest in the bond. (Joint Pretrial Statement p. 10.) The Trustee concedes that in this document the Debtor assigns the bail bond deposit to Novelle. (Motion ¶ 7.) The Trustee asserts, however, that the assignment was not "perfected." The Trustee cites no legal authority for her position that an assignment must be "perfected." Perfunctory and undeveloped arguments and arguments that are unsupported by pertinent authority are waived. *United States v. Lanzotti*, 205 F.3d 951, 957 (7th Cir. 2000). The Court does not have a duty to research and construct legal arguments available to a party. *See Head Start Family Educ. Program, Inc. v. Coop. Educ. Serv. Agency 11*, 46 F.3d 629, 635

-11-

(7th Cir. 1995). Moreover, a litigant who fails to support a request with pertinent authority forfeits that request. *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 921 (7th Cir. 1997); *Pelfresne v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1991). Nor has the Trustee demonstrated why Novelle would be required to "perfect" the assignment under the facts plead in this case. The assignment to Novelle was complete by its terms, was not conditional, and did not leave any residual property interest or claim therein by the Debtor to pass to the bankruptcy estate for the Trustee to claim. Because the Trustee has failed to meaningfully challenge the validity of the Debtor's assignment, the Debtor had no rights in the bail bond deposit at the time he filed his bankruptcy petition. Thus, the Trustee has not established that the bail bond deposit of which she seeks turnover is property of the estate within the meaning of § 541(a)(1). As § 542(a) requires property subject to turnover be property of the estate, the Trustee has failed to prove her claim for turnover. Therefore, the Court denies the Trustee's motion for judgment on the pleadings as to Count I of her amended complaint.

## B. Turnover Under 11 U.S.C. § 543

Count II of the Trustee's complaint seeks turnover of property pursuant to 11 U.S.C. § 543. Section § 543(b) states as follows:

> (b) A custodian shall–
>> (1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case[.]

-12-

11 U.S.C. § 543(b)(1). To prove her claim for turnover under § 543(b)(1) the Trustee must demonstrate two elements. First, the Trustee must prove that a custodian has possession, custody or control of the property. *See In re Redman Oil Co.*, 95 B.R. 516, 521 (Bankr. S.D. Ohio 1988). Second, the Trustee must show that the property of which she seeks turnover is property of the Debtor. *Id.* "The threshold element which must be established in any turnover proceeding. . . is whether the debtor has a legal or equitable interest in the property sought to be turned over." *Id.* at 522.

The Trustee concedes that the Debtor assigned his bail bond deposit to Novelle. (Motion ¶ 7.) As discussed in section IV, part A of this Opinion, the Trustee has failed to prove the legal insufficiency of this assignment. Accordingly, the Trustee has failed to prove that the Debtor has a legal or equitable interest in the bail bond deposit. The Trustee has not proven that the property of which she seeks turnover is property of the Debtor for purposes of § 543(b). Thus, the Court denies the Trustee's motion for judgment on the pleadings as to Count II of her amended complaint.

## V. <u>CONCLUSION</u>

The Court holds that the Trustee has failed to prove that the property of which she seeks turnover is property of the estate or property of the Debtor. Thus, the Court denies the Trustee's motion for judgment on the pleadings. Judgment is accordingly entered in favor of Novelle.

-13-

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

**ENTERED:**

DATE: ___4/30/8___

_____
John H. Squires
**United States Bankruptcy Judge**

cc: See attached Service List

## SERVICE LIST

### Gina B. Krol v. Amy M. Crosby, Michael A. Mason, Maureen A. Josh, Clerk of the Circuit Court of Dekalb County and Robert A. Novelle, Sr.
#### Adversary Case No. 07 A 00019

Timothy R. Roellig, Esq.
Serpico, Novelle & Petrosino, Ltd.
61 W. Superior Street
Chicago, IL 60610

Gina B. Krol, Esq.
Cohen & Krol
105 W. Madison Street, Suite 1100
Chicago, IL 60602

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604

Bradley J. Waller, Esq.
Klein Soddard Buck Waller & Lewis LLC
2045 Aberdeen Court
Sycamore, IL 60178